IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN LANCE WILLIAMS,

               Petitioner,                   No. 2:09-cv-1612 FCD KJN P

     vs.

S.M. SALINAS, Warden, et al.,

               Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 13, 2010, respondents filed a motion to dismiss the petition as procedurally barred, successive and untimely.  On April 30, 2010, petitioner filed an opposition to the motion, clarifying that the instant petition is a challenge based on the "new" rule of law pronounced by the United States Supreme Court in <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  (Opp'n at 2, 4  & Ex. A at 29.)

       Petitioner was convicted in 1979 on charges of second degree murder with a use of weapon enhancement.  Petitioner claims that the Los Angeles County Superior Court improperly sentenced him in violation of the principles announced in <u>Cunningham v. California</u>, 549 U.S. 270 (2007).  (Pet. at 4.)

////

1     Judicial records reveal that petitioner previously filed a petition for writ of habeas

2 corpus attacking this same conviction.  See Case No. 2:95-cv-07890 GHK CW (Central District

3 of California, Western Division--Los Angeles).[1]  The petition was denied on October 14, 1997.

4 (Id.)

5     "A claim presented in a second or successive habeas corpus application under

6 section 2254 that was not presented in a prior application shall be dismissed. . . ."  28 U.S.C.

7 § 2244(b)(2).  This is the case unless,

8          (A) the applicant shows that the claim relies on a new
           rule of constitutional law, made retroactive to cases on
9          collateral review by the Supreme Court, that was previously
           unavailable; or
10
           (B)(i) the factual predicate for the claim could not have
11         been discovered previously through the exercise of due
           diligence; and
12
           (ii) the facts underlying the claim, if proven and viewed
13         in light of the evidence as a whole, would be sufficient to
           establish by clear and convincing evidence that, but for
14         constitutional error, no reasonable factfinder would have
           found the applicant guilty of the underlying offense.
15

16 28 U.S.C. § 2244(b)(2).  Before a second or successive petition permitted by statute can be filed

17 in the district court, "the applicant shall move in the appropriate court of appeals for an order

18 authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

19     Here, petitioner has not obtained an order from the Ninth Circuit Court of Appeals

20 authorizing the district court to consider his second or successive petition.[2]  Petitioner cannot

21

22     [1]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).
23

24     [2]  Petitioner may present a successive petition under such circumstances governed by 28
U.S.C. § 2244(b)(2)(A), which allows a second or successive habeas petition if "the applicant
25 shows that the claim relies on a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously unavailable."  Under 28 U.S.C.
26 § 2244(b)(3)(A), however, this determination is made by the United States Court of Appeals
upon a petitioner's motion for an order authorizing the district court to consider his second or

2

1   proceed with his successive petition in this court unless and until he obtains such an order.[3]

2   Moreover, petitioner is advised that should he be granted leave to file a successive petition, that

3   petition should be filed in the Central District of California as he was convicted in Los Angeles

4   County Superior Court.

5          Therefore, petitioner's unauthorized second or successive petition should be

6   dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit

7   authorizing him to file a second or successive petition.

8          Accordingly, IT IS HEREBY RECOMMENDED that:

9          1.  Respondent's April 13, 2010 motion to dismiss be partially granted; and

10          2.  The unauthorized second or successive petition be dismissed without

11  prejudice.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

14  one days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17  ////

18  ////

19  ////

20  ////

21  ////

22  _____

23  successive petition.

24      [3]  Decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542
    U.S. 296 (2004) and Cunningham, 549 U.S. at 270, were not issued until after he filed his
    original federal petition in 1995.  However, whether petitioner may raise this claim in a
25  successive petition is still an issue for the Ninth Circuit to decide.  Petitioner is required to make
    his argument to the United States Court of Appeals in a motion for an order authorizing the
26  district court to consider his second or successive petition.

1 | objections shall be filed and served within fourteen days after service of the objections. The

2 | parties are advised that failure to file objections within the specified time may waive the right to

3 | appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4 | DATED: August 24, 2010

5

6

7

8 | KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9

10 | will1612.mtd

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4